OLIVER CURTIS *v.* THE VERMONT CENTRAL RAIL ROAD COMPANY.

*Merger of contract. Right of recovery for performance of contract after merger.*

The defendants, a rail road corporation, agreed with the plaintiff, that they would pay him four shillings per rod for constructing the fence upon each side of their rail road through the land of the plaintiff, according to a specified plan. Subsequently, the plaintiff having appealed from the decision of the commissioners assessing the land damages for the crossing of his land by the rail road, commissioners were appointed by the county court, who, after appraising the damages to the land, reported, that an additional sum of one dollar per rod should be allowed to the plaintiff, for the purpose of building and keeping in repair such suitable fences on the line of the road over his land, as he might elect, unless such fences were to be built and maintained by the defendants. Upon this report being returned, the plaintiff took judgment for the full amount of the appraisal, including the allowance for fences, and the amount of the judgment was paid by the defendants. *Held*, that the judgment upon the report must be regarded as a merger of the previous contract made by the parties for the construction of the fence.

And the plaintiff having proceeded, subsequent to the rendition of the judgment, and constructed the fence according to the contract, it was held, that he was not entitled to recover of the defendants the difference between the contract price and the actual value of the fence to him for farming purposes, although he proved, that the fence so constructed by him under the contract was not such as he should have built for himself upon the line of the road through his farm, for his farming purposes, but that he would have built different fence, which would have been no more expensive, and would have been more durable and worth at least thirty cents per rod more than the fence constructed by him under the contract.

Book Account. The suit was commenced in the county of Windsor. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for building one hundred and eighty five rods of fence, at four shillings per rod. It appeared, that on the tenth day of August, 1847, the plaintiff contracted with the defendants, that he would construct the fence upon both sides of their rail road through his land, according to a specified plan of construction, for the price of four shillings per rod, and that the fence was built by the plaintiff, according to the contract. The commissioners originally appointed to appraise the land damages occasioned by the location of the rail road of the defendants having appraised the damages to the plaintiff at $350,00, the plaintiff appealed, and commissioners were appointed by the county court, who reported, that they examined the premises, October 19, 1847, and that they appraised the damages to the plaintiff, occasioned by the location of the rail road across his land, at $450,00, upon representation by the agents of the defendants, among other things, that good and sufficient fences would be built and maintained by the defendants upon both sides of their rail road, but that, in case such fences were not to be built and maintained by the defendants, a farther sum of $180,00 should be added to their appraisal, " for the purpose of building and keeping in repair such suitable fences, on the line of said rail road over the land [of the plaintiff] as the owner of said land may elect;" and that interest should be added, upon both sums, from October 13, 1846. At the November Term, 1847, of the county court, this report was accepted, and judgment was rendered in favor of the plaintiff for the full amount of both sums assessed by the commissioners, with the interest, and execution was thereupon issued, and the amount of the judgment was paid by the defendants. The fence built by the plaintiff, and mentioned in the contract made in August between the parties, was constructed upon both sides of the rail road upon the same land mentioned in the report of the commissioners above referred to. The plaintiff proved, that the fence, so built by him under the contract of August 10, 1847, was not such as he should have built for himself on the sides of the railroad through his farm, for his farming purposes, at his own expense and on his

own plan, without regard to the contract, but that he should have built different fence, which would have been far more durable, and less likely to decay and become out of repair, while it would not have been any more expensive, and that the fence, which he should have built for his farming purposes, on his own plan, would have been worth at least thirty cents *per* rod more than the fence built according to the contract; and that he commenced preparing the materials for the fence, built by him under the contract, before the commissioners appointed by the county court made their examination and appraisal, and had made considerable progress in the preparation of materials. The auditor submitted to the court the question as to the plaintiff's right of recovery upon these facts.

The county court, December Term, 1850,—COLLAMER, J., presiding,—decided, that the plaintiff was entitled to recover the difference of thirty cents per rod between the value of the fence built by him and such as he would have built for himself, as reported by the auditor. Exceptions by defendants.

*Tracy, Converse & Barrett* for defendants.

If the defendants were bound to make the fence, they have so done, under the contract with the plaintiff, and have paid him therefor, and more than the price stipulated in the contract, viz., $180,00 for 185 rods of fence, and interest from Oct. 13, 1846. If the company were not bound to make the fence, independently of the contract, yet they have made it, by the plaintiff, under the contract, and the plaintiff has received his pay, and more than the stipulated price. In either case, the form and mode of enforcing the payment cannot alter the legal effect of the fact of the payment. Although the plaintiff has thought proper, indirectly, and through the machinery of an award of commissioners and a judgment of court, to enforce the payment, yet it is a payment, and for the very subject matter of the contract. Granting that the fence built under the contract was not worth so much by thirty cents per rod, as the fence the plaintiff would have built at the same expense without regard to the contract, the county court erred in allowing a recovery. The plaintiff has already received payment, more than thirty cents per rod above the contract price. The making of the award and enforcing it was a proceeding *in invitum,* as against the defendants, and wholly within

the control of the plaintiff. His accepting and enforcing the award must be treated as showing his assent to treat the fencing the same, as if no contract had been made. That the plaintiff has built such a fence, as is described in the contract, is no fault of the defendants. He did it so at his own option, having elected to take the judgment for the larger sum.

*J. S. Marcy* for plaintiff.

The fence built under the contract became the sole property of the defendants, as soon as completed. They have the entire control of it, and may at any time remove it, or otherwise render it useless to the plaintiff; wherefore they ought to pay the plaintiff the whole price agreed for it, and are legally bound to do so. But if (as was supposed by the court below) the fence is legally the joint property of the parties, and is therefore to remain where it is for the benefit of both, while it lasts, yet' the plaintiff has, in law and in equity, a claim to recover the thirty cents per rod difference in value. The allowance by the appeal commissioners, on account of the fence, was not for the fence in question, nor any particular fence; but the allowance was made upon the ground, that the plaintiff, in consequence of the road's passing through his land, was subjected to the necessity of maintaining " such fence as he should elect " through all future time; and the auditor's report shows, the plaintiff could, and would, (without regard to the contract,) have built a fence no more expensive than this, while it would equally, if not better, have subserved his farming purposes, and would have been worth thirty cents *per* rod more than this. Although the defendants, as between them and the plaintiff, are not bound to maintain a fence, yet, by their promise to pay, the plaintiff has been induced to build a fence according to a plan and of a quality prescribed by the defendants, which cost, and for which they agreed to pay, more than it is worth to the plaintiff; and, as an unavoidable consequence, unless he recover the difference between the agreed price and the value of the fence to him, he suffers a loss equal to that difference, although the defendants should permit the fence to remain, and the plaintiff to have the benefit of it, while it lasts.

The opinion of the court was delivered by

REDFIELD, J. This is an action of book account, in which the plaintiff seeks to recover for building fence upon his own land, through which the defendants' road runs, by virtue of a special contract with the defendants, dated August 10, 1847. In October, 1847, and before the plaintiff had built the fence, the parties had a hearing before the appeal commissioners for appraising land damages, and the plaintiff obtained a hypothetical report for the amount of the expense of building and maintaining the same fence, which he had contracted with the defendants to build at four shillings *per* rod, at one dollar *per* rod. At the November Term, 1847, of the county court, the plaintiff obtained judgment for the full sum reported, which he has since collected.

The plaintiff, subsequently to the rendition of the judgment, finished building the fence according to the previous contract made with the defendants, and proved, on the trial, that he might, at the same cost, have built a fence worth thirty cents a rod more for his purposes, if he had not built it in conformity with the contract. He now seeks to recover the agreed price of the fence, or else the difference between that and its value to him.

We think, the judgment on the report must be regarded as a merger of the contract. Any other view of the subject involves, it seems to us, very manifest absurdities. If one is not to recover pay twice for the same thing, then it is clear, the plaintiff ought not to recover the *full price*.

And it seems to us, that the claim of thirty cents a rod is a most remarkable claim to be allowed in this form of action, and under the state of facts, involved in the present case.

1. It seems to have been altogether at the suggestion and against the will of the defendants, that the plaintiff obtained an adjudication, imposing upon him the burden of maintaining the fence. 2. After that judgment, the contract was no longer subsisting, and the plaintiff was in reality building the fence for himself, and might build it as he chose. It was his own folly to build it according to the contract, unless that was the best mode of building it. 3. It seems a rather remarkable asking to have pay for the difference between the *value* and the *agreed price* of a fence, which the plaintiff himself built, if there were nothing more in the case. But it is supposable,

XXIII.     78

this might occur in consequence of the fence being built upon some defective model, or of unsuitable materials. But that does not appear in the case, but only the bare fact of the difference is stated.

But the two former grounds are to us altogether invincible. We think, that if the plaintiff, under the circumstances, could satisfy himself, that he was really building this fence for the defendants, he must certainly possess a very remarkable moral sense. And we are not surprised, that the counsel felt compelled to admit, that he considered the claim somewhat inequitable, and altogether *strictissimi juris.* And the claim for the thirty cents a rod seems to be a claim for special damage for building his own fence in a particular form, which the plaintiff mistakenly felt compelled to do, in consequence of a contract, which had been merged by a judgment obtained at the solicitation of the plaintiff, against the earnest remonstrances, it may be safely presumed, of the defendants. The mere statement of the claim affords a sufficient answer to it.

Judgment reversed and judgment on the report for the defendants.